**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HUSSIEN A. SAAD, ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-1383** |
| | * | |
| **U.S. DEPARTMENT OF AGRICULTURE** | * | **SECTION L(2)** |

## ORDER & REASONS

Before the Court is a Motion to Dismiss pursuant to both Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6) filed by Defendant United States Department of Agriculture (the "USDA"). R. Doc. 19. Plaintiffs Hussien A. Saad and Louisa Mini Mart (collectively, "Plaintiffs") oppose the motion. R. Doc. 23. The USDA responded. R. Doc. 24. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I.    BACKGROUND & PRESENT MOTION

Plaintiffs have been disqualified from the federal government's SNAP program due to their employee's alleged "trafficking" of food benefits.

### A.  The SNAP Program's Statutory and Regulatory Framework

The Supplemental Nutrition Assistance Program ("SNAP"), which is administered by the Food and Nutrition Service ("FNS"), offers food benefits to qualifying individuals and families with financial hardships. *See* 7 U.S.C. § 2011 *et seq.* SNAP operates similarly to a debit card, in which benefits are transferred to participants through an Electronic Benefits Transfer ("EBT") card. *See* 7 U.S.C. §§ 2012(i), 2016(a). Participants may then spend their SNAP benefits by purchasing eligible items sold by approved SNAP retailers. 7 U.S.C. § 2016(b).

1

The applicable regulations prohibit "trafficking" SNAP benefits. 7 C.F.R. § 278.6(e)(1)(i); *see also* 7 U.S.C. § 2021(b)(3)(B). Trafficking is defined as the "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits ... for cash or consideration other than eligible food ...." 7 C.F.R. § 271.2. The presumptively mandatory penalty for trafficking is permanent disqualification from the SNAP program. *Id.* § 278.6(e)(1)(i) ("[FNS] shall ... [d]isqualify a firm permanently if ... [p]ersonnel of the firm have trafficked as defined in [7 C.F.R.] § 271.2"); 7 U.S.C. § 2021(b)(3)(B). However, a retailer found to have engaged in trafficking may be assessed a civil monetary penalty ("CMP") in lieu of disqualification if it "had an effective policy and program in effect to prevent" SNAP violations and provides evidence that the retailer's ownership was unaware of the violations and did not approve, benefit from, or take part in them. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(i).

## B. Factual Background

On or about May 9, 2023 through May 17, 2023, the USDA investigated Louisa Mini Mart, a convenience store located in New Orleans, Louisiana, regarding its compliance with federal SNAP law and regulations. R. Doc 1-2 at 2. During its investigation, an undercover agent observed one of the store's employees exchanging SNAP benefits for cash or consideration other than eligible food during two compliance visits. *Id.* In a letter dated November 8, 2023, the FNS's Retailer Operations Division charged Louisa Mini Mart with trafficking SNAP benefits as defined under 7 CFR § 271.2 and noted that the penalty for such prohibited action is permanent disqualification. *Id.* The letter also stated that the store had the right to respond to the charges within 10 days of receipt and that it could request a trafficking CMP in lieu of permanent disqualification under the conditions specified in 7 CFR § 278.6(i). *Id.* at 3. Louisa Mini Mart responded to the charges well within the applicable timeframe. *Id.*

After considering the responses and the evidence gathered from the investigation, the Retail Operations Division concluded that Louisa Mini Mart should be "permanently disqualified from participation as a retail store in the SNAP." *Id.* More specifically, it determined that the store did not qualify for the less punitive CMP because it failed to submit *any* evidence "to demonstrate that the firm had established and implemented an effective compliance policy and program to prevent violations of the SNAP." *Id.* at 3, 10. Louisa Mini Mart subsequently requested an administrative review to challenge this decision, which the FNS granted. *Id.* at 3. On appeal, the Administrative Review Officer upheld the Retailer Operation Division's imposition of permanent disqualification against Louisa Mini Mart, noting there was sufficient proof of the SNAP violations uncovered in the agency's investigation. *Id.* at 10.

On May 29, 2024, Plaintiffs filed the instant lawsuit before this Court, seeking judicial review pursuant to 7 U.S.C. § 2023 and a reversal of the administrative determination that disqualification of Louisa Mini Mart from the SNAP program was warranted by the evidence. R. Doc. 1. Plaintiffs specifically claim that this decision was arbitrary and capricious because Hussein Saad, as the owner of the store, "had no knowledge of the rouge employee's conduct;" "did not receive any benefits" from the unlawful activity; and "immediately terminated" the employee when informed of his actions. *Id.* at 3. Plaintiffs further allege Saad gave all his employees verbal training on SNAP policy and procedures, but that this employee intentionally engaged in the illegal conduct for profit. *Id.* at 2-3. As such, the Plaintiffs assert the Administrative Review Officer's findings are erroneous and that Louisa Mini Mart should be reinstated as a SNAP retailer. *Id.* at 4.

3

### C. The USDA's Motion to Dismiss

In the present motion, the USDA contends that the Plaintiffs' suit must be dismissed on two separate grounds. R. Doc. 19. First, it argues that this Court does not have subject matter jurisdiction over the USDA pursuant to Rule 12(b)(1) and that the only proper defendant in a suit for judicial review under § 2023 is the United States. R. Doc. 19-1 at 2-5. Second, it avers that Plaintiffs, given their admission that trafficking occurred at Louisa Mini Mart, have failed to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* at 5-8. In opposition, the Plaintiffs assert that this Court, in its discretion, should grant them leave to amend their complaint, allowing them to substitute the United States as a party and fix any other issues related to the USDA's 12(b)(6) argument. R. Doc. 23. The USDA replied. R. Doc. 24. It reiterates the fact that Plaintiffs "do not refute that trafficking occurred" and claims permanent disqualification is the mandatory penalty for trafficking under 7 C.F.R. § 278.6(e)(1). *Id.*

## II.     APPLICABLE LAW

### A. Rule 12(b)(1) Motion to Dismiss

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden to demonstrate that jurisdiction exists. *See Howry v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n*

*of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When considering a Rule 12(b)(1) motion, the Court may consider: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). If the existence of subject-matter jurisdiction is challenged in fact, irrespective of the pleadings, the Court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Cell Sci. Sys. Corp. v. La Health Serv.*, 804 Fed. Appx. 260, 263 (5th Cir. 2020).

### B. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*,

495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### C. Consideration of Documents Attached to the Complaint When Deciding a Rule 12(b)(6) Motion

Generally, a court may not look beyond the plaintiff's complaint when deciding whether to grant a 12(b)(6) motion. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). However, the court may also review "any documents attached to the complaint [] and any documents attached to the motion to dismiss that are central to the claim and referenced by the compliant." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Thus, in reaching its decision, the Court here will consider not only the Plaintiffs' complaint, but also the FNS's final agency decision in this matter attached as an exhibit to the pleading. R. Doc. 1, R. Doc. 1-2.

### III.   ANALYSIS

### A. Plaintiffs Cannot Rely on Relation Back to Name the United States as the Proper Party in This Suit.

At first instance, Plaintiffs concede it is well settled law that the proper party to this lawsuit is the United States, not the USDA. The Food and Nutrition Act, which creates the SNAP program, only waives sovereign immunity in the event that the plaintiff files suit directly against the United States. *Ruhee M., Inc. v. United States*, CIV.A. H-05-1547, 2006 WL 1291356, at *2 (S.D. Tex. May 5, 2006); *see also Martin's Food & Liquor, Inc. v. U.S. Dep't of Agric.*, 702 F. Supp. 215, 216 (N.D. Ill.1988). Indeed, it has long been held that the statute "was [not] meant to waive immunity with regard to any governmental party other than the United States itself." *Calderon v. U.S. Dep't of Agric.*, 756 F. Supp. 181, 184 (D.N.J. 1990).

Accordingly, because Plaintiffs chose to sue the USDA, the Court has no jurisdiction over their claims, and dismissal is warranted.

Furthermore, any amendment to the Plaintiffs' complaint naming the United States as a party would be filed past the 30-day deadline imposed by § 2023(a)(13) and thus time-barred unless it relates back to the filing date of the original complaint. A plaintiff seeking leave to amend in order to add the United States as a defendant on the basis of the relation-back rule can satisfy the requirements to do so under Rule 15(c) by mailing or delivering process to the United States Attorney or United States Attorney General during the 90-day period allotted in Rule 4(m). Fed. R. Civ. P. 15(c)(2); *Curry v. Lumpkin*, 6:22-CV-00022, 2024 WL 4274881, at *3 (E.D. Tex. Sept. 24, 2024). Here, the USDA contends that relation-back rule is unavailable to the Plaintiffs to amend the complaint and fix their error. The Court agrees. Plaintiffs' complaint was filed on May 29th, 2024, so in order to benefit from the relation back rule, they had until August 27th, 2024 to perfect service according to the specifications laid out in Rule 15(c). R. Doc. 1. However, Plaintiffs did not serve copies of the summons and complaint until August 28th, 2024, missing the deadline by one day. R. Doc. 14. Accordingly, the Court finds that Plaintiffs cannot meet the requirements under Rule 15(c) for relation back. While the Court would ordinarily exercise its broad discretion under Rule 4(m) to retroactively include the 91st day on which service was perfected in order to allow for a proper amendment, it would be futile to do so in the present case given Plaintiffs have failed to state a claim under Rule 12(b)(6) as discussed further below.

**B. Plaintiffs' Suit Must Otherwise Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6).**

The USDA's 12(b)(6) argument raises two distinct issues that this Court must address: (1) whether Plaintiffs' lack of knowledge defense is legally-cognizable and (2) the availability of

the CMP penalty in lieu of permanent disqualification in the present case. The Court first summarizes the standards of review applicable to each issue and then takes each in turn.

    **1. How Judicial Review of Agency Decisions Operates Within the SNAP Statutory Framework.**

It is undisputed that the Plaintiffs have timely sought judicial review of the FNS's decision to disqualify Louisa Mini Mart from participating in SNAP pursuant to 7 U.S.C. § 2023. The Court uses different standards of review as to the merits of the suit and the penalty imposed. According to the statute, whether a SNAP violation occurred "shall be a trial *de novo* . . . in which the court shall determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2023(a)(15). *De novo* review is broader than the review standard under the Administrative Procedure Act, "requir[ing] the district court to examine the entire range of issues raised, and not merely to determine whether the administrative findings are supported by substantial evidence." *Modica v. United States*, 518 F.2d 374, 376 (5th Cir. 1975). "The court must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously dealt with in the administrative proceedings." *Ruhee,* 2006 WL 1291356 at *2 (citing *Modica*, 518 F.2d at 376). The aggrieved party bears the burden of establishing the invalidity of the administrative action by a preponderance of the evidence. *Redmond v. United States*, 507 F.2d 1007, 1011 (5th Cir. 1975). The aggrieved party "may offer any relevant evidence available to support his case, whether or not it has been previously submitted to the agency, and the agency itself may offer any evidence available to support its action, whether or not in the administrative record." *Id.* at 1012. "If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence." 7 U.S.C. § 2023(a)(16).

However, "[j]udicial review of a *sanction* imposed under SNAP is limited to the determination of whether the sanction is valid." *PT Nguyen, Inc. v. United States*, No. CV 18-00062-JWD-EWD, 2019 WL 4601845, at *8 (M.D. La. Sept. 23, 2019) (emphasis added). A sanction is valid as long as it is not "arbitrary and capricious," that is, "unwarranted in law or without justification in fact." *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 185-89 (1973); *Goodman v. United States*, 518 F.2d 505, 511-12 (5th Cir. 1975); *see also Estremera v. United States*, 442 F.3d 580, 585 (7th Cir. 2006); *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984) (citing *Kulkin v. Bergland*, 626 F.2d 181, 184 (1st Cir. 1980)); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975) (en banc). Thus, the district court is only to decide whether the agency's interpretation was plainly erroneous or inconsistent with its own regulations; otherwise, the agency's construction of its own regulations is controlling. *Silwany–Rodriguez v. INS*, 975 F.2d 1157, 1160 (5th Cir. 1992). With this bifurcated inquiry and differing standards of review in mind, the Court proceeds accordingly.

## 2. SNAP's Strict Liability Scheme Precludes the Plaintiffs' Lack of Knowledge and Profit Defense.

Plaintiffs assert in their complaint that FNS's decision to disqualify Louisa Mini Mart is demonstrably incorrect; arbitrary and capricious; and in conflict with statutory, regulatory, and constitutional law. While Plaintiffs admit their employee committed SNAP trafficking violations, they argue that they should not be held responsible given their lack of knowledge of the employee's illicit conduct and the fact they did not receive any personal gain. The USDA contends, however, that the law provides the Plaintiffs are still at fault for their employee's actions even though they claim a lack of knowledge of the illegal activity. Here, the parties notably do not dispute the SNAP trafficking violations committed by Plaintiffs' employee. As

9

such, the Court finds that Plaintiffs are at fault under SNAP's strict liability scheme and thus subject to the imposed sanction.

District courts in this circuit and across the country have consistently held "SNAP's strict liability disqualification scheme establish[es] that all owners, whether they are innocent or knowing, are subject to some penalty, regardless of fault." *Hanif v. United States*, CV H-15-2718, 2017 WL 447465, at *7 (S.D. Tex. Feb. 2, 2017); *see also Three Friends, Inc. v. United States*, CV ELH-20-2649, 2021 WL 5841474, at *17 (D. Md. Dec. 9, 2021) (acknowledging the same). In fact, multiple circuit courts have reached the same conclusion on substantially similar facts. *Bakal Bros., Inc. v. United States*, 105 F.3d 1085, 1088-89 (6th Cir. 1997) (holding the store was "responsible for the conduct of all employees who work where food stamps are accepted" under applicable regulations and the statute); *Traficanti v. United States*, 227 F.3d 170, 174 (4th Cir. 2000) ("Congress chose such a strict liability regime in order to ensure that the person in the best position to prevent fraud – the owner – had sufficient incentive to stop wayward employees from stealing from the government."); *TRM, Inc. v. United States*, 52 F.3d 941, 945 (11th Cir. 1995) ("We conclude that Congress would not have provided a [CMP] as an alternative to permanent disqualification for innocent owners had it not felt that innocent owners could be disqualified under the Food Stamp Act"). Accordingly, this Court finds that the Plaintiffs have failed to state a claim that a violation did not occur because their lack of knowledge and profit defense is precluded by law and cannot insulate them from the administrative sanctions warranted by the trafficking offenses expressly acknowledged in their complaint.

**3. The Plaintiffs Cannot Challenge FNS's Decision to Impose Permanent Disqualification Over the CMP Sanction.**

Therefore, the only issue that this Court could decide is whether FNS's chosen sanction – permanent disqualification – was arbitrary and capricious. "[If] an agency action adheres to its internal guidelines, it is not arbitrary and capricious." *Bordeleon v. Black*, 810 F.2d 468, 471 (5th Cir. 1986) (*citing Otto v. Block*, 693 F.2d 472, 473-74 (5th Cir. 1982)). Permanent disqualification is *presumptively* mandatory where a retailer or its employees are found to have engaged in trafficking, even for first-time offenses or where the store owner is innocent of the trafficking violation. 7 C.F.R. § 278.6(e)(1)(i) (providing FNS "shall . . . [d]isqualify a firm permanently if . . . [p]ersonnel of the firm have trafficked as defined in § 271.2"); *see also Crane Fortune LLC v. United States*, 4:17-CV-3323, 2019 WL 93342 (S.D. Tex. Jan. 3, 2019). However, contrary to the USDA's position, disqualification is not the only available penalty for SNAP trafficking violations. As noted above, FNS may assess a monetary penalty called a CMP in lieu of disqualification. To impose a CMP instead of disqualification, FNS must find that the store owner meets each of four criteria: "(1) the store must have an "effective compliance policy," as described in the regulations, in place before the charge letter was issued; (2) the plaintiff must show that both its compliance policy and its program were in operation at the location where the violation(s) occurred; (3) the firm had developed and instituted an effective personnel training program as specified in 7 C.F.R. § 278.6(i)(2); and (4) the firm ownership was not aware of and did not approve or benefit from, or was not in any way involved in the conduct of approval of trafficking violations." *Hanif,* 2017 WL 447465, at *5 (citing 7 C.F.R. § 278.6(i)). Further, any evidence of eligibility for a CMP must be submitted in written form to the FNS within 10 days of receiving the letter of charges. 7 C.F.R. § 278.6(a)(2)(iii) ("If a firm fails to request consideration for a civil money penalty in lieu of a permanent disqualification for

11

trafficking and submit documentation and evidence of its eligibility within the 10 days specified

in § 278.6(b)(1), the firm shall not be eligible for such a penalty."); 7 C.F.R. § 278.6 (i)(1) ("FNS

may only consider written and dated statements of firm policy, which reflect a commitment" to

ensure "the proper acceptance and handling of food coupons.").

Here, the FNS's administrative decision attached to Plaintiffs' complaint indicates:

> The letter of charges dated November 8, 2023 advised the Appellant that documentation of eligibility for [the alternative CMP] sanction was to be provided within 10 days. The regulations specify that such documentation must, in part, establish that there was an effective compliance policy and training program and that both were in effect and implemented prior to the occurrence of violations. The letter indicates that *no information* was provided by the Appellant for consideration; therefore, on review the Retailer Operations Division's determination that the Appellant firm is ineligible for the imposition of civil money penalties in lieu of disqualification is affirmed.

R. Doc. 1-2 at 11 (emphasis added). Accordingly, the Court finds that the Plaintiffs' failure to

supply any documentation whatsoever to qualify for a CMP precludes any claim they might have

had in challenging the FNS's permanent disqualification sanction. The language of SNAP's

implementing regulations explicitly provide for only two punitive measures, and when the CMP

is no longer available as is the case here, permanent disqualification is the only remaining

sanction to be administered. The Court's decision is further bolstered by the fact that the

Plaintiffs' complaint does not even allege any facts to establish that they would have qualified

for a CMP. *See Hallak v. United States Dep't of Agric.*, *Retailer Operations Div.*, No. 22-CV-

00568-AJB-BLM, 2023 WL 6883179, at *4 (S.D. Cal. Oct. 18, 2023). The Court thus concludes

that dismissal is also warranted under Rule 12(b)(6).

## IV.    CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that the USDA's Motion to Dismiss, R. Doc. 19, is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 28th day of January, 2025.

UNITED STATES DISTRICT JUDGE